THE PEOPLE OF THE STATE OF NEW YORK, Petitioner, *v*. NATHAN L. MILLER, as Comptroller of the State of New York, Respondent, and THE BANK FOR SAVINGS IN THE CITY OF NEW YORK, Intervenor.

*The Comptroller cannot on the revision of a tax increase it.* ·

Upon the revision by the State Comptroller of a corporation's tax account, pursuant to section 195 of the Tax Law (Laws of 1896, chap. 908), which provides that on such a revision he "shall resettle the same according to law and the facts, and charge or credit, as the case may require, the difference, if any, resulting from such revision," the State Comptroller has no power to increase the tax.

CERTIORARI issued out of the Supreme Court and attested on the 28th day of June, 1902, directed to Nathan L. Miller, as Comptroller of the State of New York, requiring him to certify and return to the office of the clerk of the county of Albany all and singular his proceedings had in denying the application of the Attorney-General of the State of New York for a revision and readjustment of the assessment of a franchise tax against the Bank for Savings in the City of New York for the year ending June 30, 1901.

The Comptroller had audited and stated the account for taxes for that year, which imposed a tax of $46,102.53, or one per centum upon $4,610,252.92. In ascertaining the amount upon which the tax was to be computed the Comptroller credited the bank with an item of $1,198,687.95, being the interest or dividends on deposits to and including July 1, 1901, which became due and payable on that day and which remained in the custody and possession of the bank on June 30, 1901. The Attorney-General made an application to the Comptroller for a revision and readjustment of such account for taxes, claiming that said sum of $1,198,687.95 was properly taxable and that there should be added to the tax on account thereof the sum of $11,986.88. The Comptroller granted a hearing upon such application, and the Attorney-General presented his evidence in support thereof. Thereafter the Comptroller made a determination whereby he denied the application on the ground that he had no authority to increase the assessment theretofore made. The purpose of this writ is to review the determination so made. The

Bank for Savings in the City of New York has been made a party defendant.

*John Cunneen, Attorney-General,* and *William H. Wood,* for the People.

*George W. Wickersham, Edward E. Sprague, William Greenough* and *George Coggill,* for the Bank for Savings.

CHESTER, J. :

The power of the Comptroller to revise and readjust the account for the purpose of taxation is found in section 195 of the Tax Law (Laws of 1896, chap. 908). In the revision this section was taken with some amendments from section 19 of chapter 542 of the Laws of 1880, added by chapter 463 of the Laws of 1889. The principal changes made by the amendments were, *first,* to limit the time during which an application could be made to the Comptroller for a revision to one year from the audit, statement and notice of the account, and, *second,* to permit the application for revision to be made by the Attorney-General as well as by the party against whom the account had been stated. The other changes, except one requiring the Comptroller to give notice of the determination to the applicant, were simply in phraseology and leave the section without substantial alteration except in the two respects stated. This court has held under the section as it stood prior to the amendments that the Comptroller had no power upon a revision to increase the tax. (*People ex rel. Syracuse Improvement Co.* v. *Morgan,* 59 App. Div. 302; *People ex rel. Eppens Co.* v. *Roberts,* 51 id. 152.) None of the changes made in the statute are effective, in my opinion, to change the authority of these decisions as to the want of power in the Comptroller under the section to increase the tax upon a revision by him. Manifestly the changes above mentioned have no relation to the question of the power of the Comptroller. The power, on a revision of the tax, is stated in identical language in the old and in the new sections, and is that he "shall resettle the same according to law and the facts, and charge or credit, as the case may require, the difference, if any, resulting from such revision," etc., upon the accounts of such corporation. It was urged in the cases cited that the phrase he shall "charge or credit, as the case may

require," gave the right to the Comptroller to increase the tax, but the court decided against that view.

There being no change in the statute in this respect those cases are decisive of the question here presented.

The determination of the Comptroller should be affirmed, with fifty dollars costs and disbursements to the respondent bank.

All concurred.

Determination of the Comptroller confirmed, with fifty dollars dollars costs and disbursements to the respondent bank.